IN THE US DISTRICT COURT FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JOVAN LEDBETTER,                      )<br>                                                        )<br>                    Plaintiff,            )<br>vs.                                                   )<br>                                                        )<br>UNIFIED GOVERNMENT OF WYANDOTTE )<br>COUNTY/KANSAS CITY, KANSAS  )<br>As Representative of Kansas City Board of )<br>Public Utilties,                                 )<br>701 N. 7th St.                                   )<br>Kansas City, KS 66101,                     )<br>                                                        )<br>        Serve:  Brett Deichler                )<br>                    Unified Government Clerk )<br>                    710 N. 7th Street, Suite 323 )<br>                    Kansas City, KS 66101    )<br>                                                        )<br>                    Defendant.              ) | Case No:<br><br><br>**Jury Trial Demanded** |

## COMPLAINT

COMES NOW Plaintiff, Jovan Ledbetter, and for his causes of action against Defendants Unified Government of Wyandotte County/Kansas City, Kansas as Representative of Kansas City Board of Public Utilities alleges and avers as follows:

### PARTIES, GENERAL ALLEGATIONS, JURISDICTION AND VENUE

1. Plaintiff Jovan Ledbetter, (hereinafter "Plaintiff" or "Ledbetter") is an individual who at all relevant times was, and currently is, a resident of Kansas City, Kansas, and is employed by Kansas Board of Public Utilities in Kansas City, Kansas.

2. Defendant Unified Government of Wyandotte County/Kansas City, Kansas (hereinafter "Defendant" or "Unified Government") is a Kansas governmental entity. The Unified Government acts as a Representative of Kansas City Board of Public Utilities (hereinafter "BPU") and may be served by serving the Unified Government Clerk, Brett Deichler, at 710 N. 7th Street, Suite 323, Kansas City, Kansas 66101.

3. BPU is a public utility, owned by Defendant Unified Government, which provides electricity and water to approximately 66,000 customers in Wyandotte County and Johnson County, Kansas. BPU regularly conducts business in the state of Kansas and may be served by serving the Unified Government Clerk, Brett Deichler, at 710 N. 7th Street, Suite 323, Kansas City, Kansas 66101.

4. At all times relevant hereto, Plaintiff was an employee of BPU, as that term is defined in 42 U.S.C. §2000e(f).

5. At all times relevant hereto, Defendant Unified Government is an employer as that term is defined in 42 U.S.C. §2000e(b).

6. On information and belief, Defendant Unified Government employs (and at all times relevant hereto has employed) more than 200 employees.

7. Both jurisdiction and venue are proper in this court. This Court has original subject matter jurisdiction over all of Plaintiff's federal causes of action under 42 U.S.C. §2000e *et seq*.   All unlawful employment practices and all other transactions and occurrences alleged herein were committed within Kansas.

8. Plaintiff seeks damages in excess of $75,000.00, exclusive of costs.

9. Plaintiff filed with the EEOC, his initial Charge of Discrimination, alleging race discrimination and hostile work environment. Plaintiff's Charge is attached as Exhibit "A" and incorporated herein by reference.

10. On or about August 4, 2021, the EEOC mailed to Plaintiff his Notice of Right to Sue, which is attached as Exhibit "B".

11. This action has been timely commenced by the filing of this Petition within ninety (90) days after Plaintiff's receipt of the aforesaid Notice of Right to Sue.

**FACTUAL BACKGROUND OF PLAINTIFF'S CLAIMS**

12. Plaintiff hereby incorporates paragraphs 1 through 11, and those that follow, by reference, as if fully set forth in these factual allegations.

13. Plaintiff is an African American.

14. Plaintiff began working for BPU in March 2011 and is currently a Plant Helper A. Plaintiff has witnessed and experienced discrimination and harassment due to his race. But for his race, Plaintiff would not have experienced discrimination; Plaintiff's race is the "but for cause" of the discrimination alleged herein.

15. Plaintiff was accepted to the Lineman Apprentice program in September 2018. Plaintiff was the only African American to go through the program at the time and is the second African American to go through the program.

16. The Lineman Apprentice program is intended to last approximately four years (or 8,000 hours). An apprentice learns the skilled craft of electric line work during the training program of on-the-job experience, work assignments, and classroom instruction.

17. The Lineman Apprentice program included a classroom portion and Plaintiff began this portion in September 2018. Plaintiff received good grades during the classroom portion.

18. On November 20, 2018, Plaintiff was placed on probation and received a Performance Improvement Plan ("PIP") for not being as advanced in the training as he should have been. Plaintiff was given guidelines to be graded on and required Plaintiff to demonstrate skills to the apprentice committee.

19. During Plaintiff's last required demonstration, he was required to run service from the "pot" to the house. Plaintiff had not even reached, let alone completed, the portion of the training that related to the requested demonstration.

20. In February or March 2019, Plaintiff was called in front of the apprenticeship committee due to alleged complaints of talking on his phone. Plaintiff disputed these claims and requested information as to when he was on the phone but was never provided information to support the claims.

21. In March 2019, Plaintiff was called in front of the apprenticeship committee and was kicked out of the apprentice program because Plaintiff was "so far behind" in his training, even though he was improving. Plaintiff was told that his employment could have been terminated, but that the committee had called Plaintiff's prior supervisor to see if the prior supervisor "wanted" Plaintiff back. Instead of being terminated, Plaintiff was demoted to Plant Helper A, his current position. The treatment experienced by the conduct of Defendant materially adversely affected his employment, and Plaintiff's race was the "but for" cause of said treatment.

22. Throughout Plaintiff's time within the Lineman Apprentice program, the apprentice would change work crews every thirty (30) days. Plaintiff was used for "grunt work" and was not properly trained. Others within the Apprentice program were allowed to have more hands-on training as well as more repetitious activities. But for his race, Plaintiff would not have been subjected to the offensive, degrading, belittling and humiliating treatment described above.

<u>**COUNT I**</u>
<u>**RACE DISCRIMINATION/RETALIATION/HOSTILE WORK ENVIRONMENT**</u>
<u>**IN VIOLATION OF 42 U.S.C.§1981**</u>

23. Plaintiff hereby incorporates by reference all previously stated allegations in ¶¶ 1 through 22 above, including the entire contents of his Charge filed with the EEOC.

24. The continuing series of events planned and carried out by Defendant Unified Government, as described above, are discriminatory, abusive, and harassing. But for his race, Plaintiff would not have experienced the discrimination, abuse and harassment described above.

25. Defendant's misconduct, as alleged above, constitutes racial discrimination and retaliation in violation of 42 U.S.C. § 1981.

26. But for his race, Plaintiff would not have been treated differently; his race is a "but for" causative factor.

27. The actions of Defendant described above had a materially adverse impact on Plaintiff. As a direct and proximate result of the discriminatory conduct of Defendant, Plaintiff has suffered actual damages in the form of lost wages and benefits, humiliation, emotional distress and embarrassment in excess of $75,000.00.

28. The actions of Defendants Unified Government, BPU, and its employees have been willful, and in reckless disregard for the rights of Plaintiff. As a result, Plaintiff is entitled to actual and punitive damages.

29. Plaintiff is entitled to all actual damages, and to punitive damages, in such amounts as will be proven at trial and found to be reasonable by a jury.

30. If Plaintiff prevails on his claim, he is entitled to recover all attorneys' fees, costs, and expenses as provided by law.

WHEREFORE, Plaintiff prays for judgment, after jury trial, awarding him all actual damages deemed fair and reasonable by the jury; for punitive damages in such amount as is deemed fair and reasonable by the jury; for all attorneys' fees, costs and expenses incurred by plaintiff; and for such other equitable relief as the court deems just and proper.

## PLAINTIFF'S DEMAND FOR JURY TRIAL

Plaintiff hereby requests and demands a trial by jury on all issues so triable.

## DESIGNATED PLACE OF TRIAL

Plaintiff, by and through counsel, hereby designates the United States District Court for the District of Kansas at Kansas City as the place of trial.

Respectfully submitted,

**THE POPHAM LAW FIRM, P.C.**

By: /s/ Bert S. Braud
Bert S. Braud, KS Bar No. 14223
712 Broadway, Suite 100
Kansas City, Missouri  64105
Telephone: (816) 221-2288
Telecopier: (816) 221-3999
E-Mail: bbraud@pophamlaw.com

**ATTORNEYS FOR PLAINTIFF**